# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06  . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Memorial Medical Center, Inc. |
| **Case Number:** | 05-14043 |

### Document Information

| | |
|---|---|
| **Description:** | Memorandum Opinion re: [5-1] Motion To Dismiss Involuntary Bankruptcy by Memorial Medical Center, Inc. . |
| **Received on:** | 2005-11-09 16:00:32.000 |
| **Date Filed:** | 2005-11-09 00:00:00.000 |
| **Date Entered On Docket:** | 2005-11-09 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   MEMORIAL MEDICAL CENTER, INC.,                   No. 7-05-14043 ML

       Alleged Debtor.

## MEMORANDUM

THIS MATTER is before the Court on the Alleged Debtor Memorial Medical Center, Inc.'s Answer and Motion to Dismiss Involuntary Petition ("Motion to Dismiss"). Cardinal Health 301, Inc., Cardinal Health 303, Inc. and Toshiba American Medical Systems, Inc. (together, the "Petitioning Creditors"), filed a brief in opposition to the Motion to Dismiss, and Memorial Medical Center, Inc. ("MMCI") filed a reply. The Court held a final hearing on the Motion to Dismiss and took the matter under advisement. MMCI is represented by Sutin, Thayer & Browne, A Professional Corporation (Gail Gottlieb), and the Petitioning Creditors are represented by Daniel J. Behles and by Shulman, Rogers, Gandal, Pordy & Ecker, P.A. (Ross D. Cooper). MMCI asserts that the involuntary petition should be dismissed because it is an eleemosynary institution not subject to an involuntary petition for bankruptcy under 11 U.S.C. § 303. Petitioning Creditors contend that because MMCI is winding up its affairs, it is no longer operating as a non-profit organization, and consequently is not immune from involuntary bankruptcy. Having reviewed the briefs submitted by counsel, and having considered the relevant case law and applicable code sections, and being otherwise sufficiently informed, the Court finds that MMCI is not eligible under 11 U.S.C. § 303(a) to have an involuntary bankruptcy filed against it. Consequently, the Court will grant its Motion to Dismiss.

The facts incident to this involuntary proceeding are largely not in dispute. MMCI was

1

organized as a non-profit corporation under the New Mexico Non-Profit Corporation Act to operate the Memorial Medical Center in Las Cruces, New Mexico. *See* Articles of Incorporation, Exhibit A to Motion to Dismiss. According to its articles of incorporation, MMCI was organized exclusively for charitable purposes on a not-for- profit basis. *Id.* MMCI operated the Memorial Medical Center on certain real property owned by the County of Dona Ana and the City of Law Cruces. Prior to the filing of the involuntary petition, MMCI undertook to cease its operations, and began the process of winding up its affairs and liquidating its assets. In June 2004, as part of this process, MMCI transferred assets to the City of Las Cruces, New Mexico and the County of Dona Ana County, New Mexico. This transaction is the subject of state court litigation between MMCI and the Petitioning Creditors.[1] Also related to that proceeding is a request by MMCI for the appointment of a state court receiver.[2] Before that request was adjudicated in state court, Petitioning Creditors filed their involuntary petition on May 19, 2005. Section 303 of the Bankruptcy Code sets the parameters for involuntary petitions. It provides, in relevant part:

> An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

> 11 U.S.C. § 303(a).

Courts interpreting this section consistently conclude that non-profit organizations are not subject to

---

[1]Cardinal Health 301, Inc. filed suit against MMCI, the County of Dona Ana, the City of Las Cruces, and PHC-Las Cruces, Inc. on March 15, 2005 in the Third Judicial District Court, State of New Mexico, County of Dona Ana as Case No. CV-05-456.

[2]The Application for Emergency Receivership and Preliminary Appointment of Receiver filed by MMCI in state court was assigned Case No. CV-05-733.

2

involuntary proceedings.  *See, e.g., In re Grace Christian Ministries, Inc.,* 287 B.R. 352, 355 (Bankr.W.D.Pa. 2002) ("A corporation . . . may *not* be an involuntary chapter 7 or 11 debtor if it is a not-for-profit corporation."); *In re United Kitchen Associates, Inc.,* 33 B.R. 214, 216 (Bankr.W.D.La. 1983) ("eleemosynary institutions . . . are, thus exempt from involuntary bankruptcy.") (citations omitted).  The legislative history of this section supports this conclusion as well.  *See* H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 321 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 33 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6277, 5787, 5819 ("schools, churches, charitable organizations and foundations" are protected from involuntary petitions).

Despite the consensus in the legislative history and the case law that eleemosynary institutions are not subject to involuntary petitions, neither "eleemosynary institution" nor "non-profit organization" appear within the language of 11 U.S.C. § 303.  Instead, § 303(a) excepts from involuntary petitions any corporation that is "not a moneyed business."  11 U.S.C. § 303(a).  Thus, the focus of the Court's inquiry must be on whether the alleged debtor is a "moneyed business" subjecting such entity to an involuntary proceeding.  MMCI asserts that because it was organized as a non-profit organization, it is not a moneyed business and is, therefore, not subject to an involuntary proceeding.  Petitioning Creditors counter that because MMCI is no longer operating, it can no longer be considered a non-profit organization immune from an involuntary proceeding.  Both MMCI and Petitioning Creditors agree that MMCI was in the process of winding down its affairs and was not operating at the time of the filing of the involuntary petition.  Thus the critical question is whether by winding down its affairs, MMCI ceased to retain its status as a non-profit organization and became a "moneyed business" within the meaning of 11 U.S.C. § 303(a).

3

There is ample case law for the proposition that winding up a business's affairs does not necessarily render a corporation ineligible for an involuntary petition. *See, e.g., In re Segno Communications, Inc.,* 264 B.R. 501 (Bankr.N.D.Ill. 2001) (concluding that because applicable state law provides for the continued existence of a corporation for five years following its dissolution so that the corporation can wind up its affairs, a dissolved corporation can be forced to wind up its affairs in bankruptcy through an involuntary proceeding filed within the five year period); *In re Quad City Minority Broadcasters, Inc.,* 252 B.R. 773 (Bankr.S.D.Iowa 2000) (corporation administratively dissolved under applicable Iowa law was nevertheless eligible for bankruptcy and consequently subject to involuntary proceeding); *In re McCullough and Co.,* 199 B.R. 179 (Bankr.W.D.Mo. 1996) (corporation in process of liquidating after filing voluntary dissolution proceedings under applicable Missouri law was subject to involuntary chapter 7 proceeding); *In re Anderson,* 94 B.R. 153, 157 (Bankr.W.D.Mo. 1988) (noting that "Courts have uniformly held . . . that a voluntary or involuntary Chapter 7 petition may only be filed against a dissolved corporation that is still in existence.") (citations omitted). But in this case, the entity winding up its affairs was organized and operated as a non-profit.

The alleged debtor bears the burden of showing that it is an eleemosynary institution. *Cf. In re Caucus Distributors, Inc.,* 83 B.R. 921, 930 (Bankr.E.D.Va. 1988) (noting that "the alleged debtors must plead and prove the issue of whether they are eleemosynary organizations"). In evaluating whether an alleged debtor is a non-profit entity that is not a moneyed business within the meaning of 11 U.S.C. § 303(a), the entity's corporate charter and status under state law is probative, but not determinative. *See In re Capitol Hill Healthcare Group,* 242 B.R. 199, 202 (Bankr.D.Dist.Col. 1999) ("State law organization or registration as a non-profit corporation is not decisive."); *In re*

4

*Roumanian Workers Educ. Ass'n,* 108 F.2d 782, 783 (6th Cir. 1940) ("The susceptibility of appellant [the alleged debtor] to bankruptcy does not depend altogether upon its charter.") (citation omitted). In determining whether an alleged debtor is a non-profit organization not subject to an involuntary proceeding, the court should "examine both the corporation's charter and its activities to determine whether the alleged debtors are ineligible to be debtors in an involuntary case." *Caucus Distributors,* 83 B.R. at 930 (citing *In re United Kitchen Associates,* 33 B.R. at 216). *See also, In re Allen University,* 497 F.2d 346, 348 (4th Cir. 1974) (determining that the court must look beyond the corporate charter to determine whether the business activities indicate that the alleged debtor is a moneyed business). Thus the alleged debtor's organizational documents and consequent powers and limitations imposed upon such entity under applicable state law serve as a starting point, but it is also appropriate and necessary for the court to consider the nature and extent of the activities in which the entity has actually engaged. *See Grace Christian Ministries, Inc.,* 287 B.R. 352, 355 (Bankr.W.D.Pa. 2002) (noting that "[t]he character and the extent of activities in which it [the alleged debtor] has actually engaged . . . may also be considered.") (citations omitted).

In *Grace Christian Ministries,* the petitioning creditors asserted that because the alleged debtor, an entity incorporated as a non-profit corporation for the purpose of "the worship of God", no longer conducted any religious services on its premises and only used its facility to operate a day care center that charged for its services, it was a "moneyed, business, or commercial corporation" subject to an involuntary proceeding. 287 B.R. at 356. The court rejected this argument, finding that the fact that the entity no longer operated as a church indicated that the entity was inactive, and that "[a] corporation may be inactive and still not be a a 'moneyed, business, or commercial corporation.'" *Id.*

5

The court found further that the fact that the day care center charged for its services did not necessitate the conclusion that the entity is a "moneyed business." *Id.* at 357 ("it is a *non sequitur* to conclude that a corporation is a 'moneyed, business, or commercial corporation' merely because it charges and is paid a fee for its services.").

Here, it is undisputed that MMCI was incorporated as a non-profit organization under the laws of the State of New Mexico. *See* Exhibit A to Motion to Dismiss. Petitioning Creditors urge that because the sole remaining purpose of MMCI is to liquidate its business, it is no longer engaged in the non-profit activity for which it was incorporated, and therefore loses its immunity from an involuntary proceeding. This Court disagrees. The fact that a non-profit is in the process of winding up its affairs does not automatically change the character of its business from non-profit to profit. By seeking to wind up its affairs, MMCI is neither a *de facto* for-profit entity, nor an active non-profit entity. Simply by virtue of winding up its affairs and ceasing its operations, it has not lost its character as an eleemosynary organization and consequently is "not a moneyed, business, or commercial corporation" subject to an involuntary petition under 11 U.S.C. § 303(a).

Petitioning Creditors also allege that MMCI acted contrary to its charter when it transferred its assets to the City of Las Cruces and Dona Ana County, and that it should, therefore, not be allowed to evade the supervision of the bankruptcy court by contending that it is a non-profit organization immune from an involuntary proceeding. Petitioning Creditors' allegations that MMCI acted improperly in connection with certain transactions MMCI entered into as part of its process of winding down its affairs are presently the subject of state court litigation, and Petitioning Creditors can pursue their remedies against MMCI in that forum. *Cf. In re Petro Fill, Inc.,* 144 B.R. 26, 30 (Bankr.W.D.Pa.

6

Case 05-14043-m7    Doc 22    Filed 11/09/05    Entered 11/09/05 16:49:00 Page 7 of 8

1992) ("An involuntary petition should be dismissed where petitioning creditors have adequate remedies under state law.") (citing *In re Kass,* 114 B.R. 308, 309 (Bankr.S.D.Fla. 1990)).

Based on the foregoing, the Court concludes that MMCI is not a moneyed business subject to an involuntary proceeding under 11 U.S.C. § 303(a). An appropriate order dismissing this involuntary proceeding will be entered. MMCI and Petitioning Creditors each included a request for attorneys' fees; however, the Court finds that fees need not be awarded to either party under the circumstances presented.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Gail Gottlieb
Attorney for Memorial Medical Center, Inc.
PO Box 1945
Albuquerque, NM 87103

Ross D. Cooper
Attorney for Petitioning Creditors
11921 Rockville Pike, 3rd Floor
Rockville, MD 20852

Daniel J. Behles
Attorney for Petitioning Creditors
226-A Cynthia Loop NW
Albuquerque, NM 87114

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545