# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Memorial Medical Center, Inc.

**Case Number:** 05-14043

### Document Information

**Description:** Order Granting [30-1] Motion For Stay of Order Dismissing Involuntary Petition Pending Appeal by Toshiba American Medical Systems, Inc., Cardinal Health 303, Inc., and Cardinal Health 301, Inc..

**Received on:** 2005-11-21 13:42:48.000

**Date Filed:** 2005-11-21 00:00:00.000

**Date Entered On Docket:** 2005-11-21 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   MEMORIAL MEDICAL CENTER, INC.,                    No. 7-05-14043 MA

Alleged Debtor.

## ORDER GRANTING PETITIONING CREDITORS' MOTION FOR ENTRY OF ORDER STAYING ORDER DISMISSING INVOLUNTARY PETITION PENDING APPEAL

THIS MATTER is before the Court on the Petitioning Creditors' Motion for Entry of Order Staying Order Dismissing Involuntary Petition Pending Appeal ("Motion for Stay Pending Appeal"). The Court held a final hearing on the Motion for Stay Pending Appeal on November 18, 2005 and took the matter under advisement. The Motion for Stay Pending Appeal requests that a stay of this proceeding be granted pending the outcome of Petitioning Creditors'[1] appeal to the Bankruptcy Appellate Panel of the Tenth Circuit of this Court's order dismissing the involuntary petition filed against Memorial Medical Center, Inc. ("MMCI"). Having considered the standards applicable to granting a stay pending appeal in light of the current posture of this proceeding and the proceedings involving MMCI in state court, the Court finds that a stay pending appeal is warranted.

A request for stays pending appeal is governed by Rule 62, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7062, Fed.R.Bankr.P., and Rule 8005, Fed.R.Bankr.P. Rule 8005 of the Federal Rules of Bankruptcy Procedure governs the procedure for obtaining a stay pending appeal. It provides in relevant part:

---

[1] Cardinal Health 301, Inc., Cardinal Health 303, Inc., and Toshiba American Medical Systems, Inc. (together "Petitioning Creditors") initiated the involuntary proceeding against Memorial Medical Center, Inc.

1

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.
>
> Rule 8005, Fed.R.Bankr.P.

Rule 62(c)[2], Fed.R.Civ.P. provides, in relevant part, that "the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal . . ." Rule 62(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7062, Fed.R.Bankr.P. The party seeking a stay pending appeal bears the burden of proof. *See In re Yellow Cab Co-Op Ass'n,* 192 B.R. 555, 557 (D.Colo. 1996). The standards for granting a stay pending appeal are the same as the standards considered in determining whether to grant a preliminary injunction. *Id.; In re Porter,* 54 B.R. 81, 82 (Bankr.N.D.Okla. 1985). The following four factors[3] are relevant to the determination of whether to grant a stay pending appeal:

---

[2] Rule 62(d), Fed.R.Civ.P., which requires the posting of a supersedeas bond, has not been evoked by the Petitioning Creditors.

[3] Stated slightly differently, the considerations for determining whether to grant a stay pending appeal are:

    1. Which party would be most harmed--the movant by denial of the stay or other parties by the granting of the stay;
    2. Significance of issues on appeal;
    3. Prospect of success on appeal; and,
    4. Which side will be the least harmed by a ruling adverse to its position with respect to the stay.

*In re Bud Long Chevrolet, Inc.,* 26 B.R. 592, 593 (Bankr.D.N.M. 1983).

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.

*In re Lang,* 414 F.3d 1191, 1201 (10th Cir. 2005) (citations omitted).

Relevant to the determination of the likelihood of success on appeal is whether the questions presented on appeal are "'so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry.'" *Yellow Cab,* 192 B.R. at 557 (quoting *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enterprise Management Consultants, Inc.,* 883 F.2d 886, 889 (10th Cir. 1989)).

In applying these standards to this proceeding, the Court is persuaded that Petitioning Creditors have met their burden of showing that a stay pending appeal should be granted. Prior to the filing of the involuntary petition, there were two matters involving MMCI pending in state court, one initiated by Petitioning Creditors against MMCI including claims based on breach of contract, fraudulent conveyances, and tortious interference with contract (Case No. 05-456), and one initiated by MMCI seeking the appointment of a receiver to liquidate its remaining assets (CV 05-733). If no stay pending appeal is granted, Petitioning Creditors face the potential for irreparable harm, since continuation of the state court receivership action will result in the liquidation of MMCI's assets. Upon liquidation, it will be difficult, if not impossible, to unravel the liquidation if the involuntary bankruptcy is reinstated. Once the assets are liquidated through the state court receivership action, reversal of this Court's order will not afford Petitioning Creditors any relief, and the appeal will become moot.

The harm to MMCI, on the other hand, is less real. The filing of the involuntary petition against

MMCI stayed the state court proceedings, and by staying the dismissal of the involuntary petition pending appeal, the state court proceedings will remain stayed. The harm in requiring MMCI to await the outcome of a decision on appeal is not so great as to tip the balance in its favor. Although MMCI asserted that it could suffer monetary harm if its efforts to liquidate in state court remain stayed, no evidence of potential monetary harm was offered in support of this argument. Petitioning Creditors have satisfactorily shown that the harm it may sustain if the stay were not granted outweighs the potential harm imposing a stay would cause to MMCI.

The question on appeal is a matter of law, and it is a question of first impression within this Circuit. Thus, while weighing the likelihood of success on appeal is problematic for any decisional court, the Court recognizes that the standard of review and the novelty of the issue on appeal weigh in favor of granting a stay pending appeal. Petitioning Creditors should not be precluded from obtaining a decision on this question of law due to the possibility that continuation of the state court matter will moot the appeal.

Finally, granting a stay pending appeal is not contrary to the public interest. The assets of MMCI will ultimately be liquidated, either through the state court actions, or through a bankruptcy proceeding. Awaiting the outcome of the appeal will not cause undue delay in this process and will ensure that, in the event the dismissal order is overturned, an estate will exist for an orderly liquidation through bankruptcy. It is also in the public interest to allow parties who have the right to appeal the opportunity to appeal, and the entry of a stay pending appeal fosters that interest.

WHEREFORE, IT IS HEREBY ORDERED, that the Petitioning Creditors' Motion for Entry of Order Staying Order Dismissing Involuntary Petition Pending Appeal is GRANTED.

The dismissal of the involuntary petition is stayed pending the outcome of the appeal.

_____
MARK B. McFEELEY
United States Bankruptcy Court

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Ross Cooper
Attorney for Petitioning Creditors
11921 Rockville Pike, Third Floor
Rockville, MD 20852 -2737

Daniel J. Behles
Attorney for Petitioning Creditors
226-A Cynthia Loop NW
Albuquerque, NM 87114 -1100

Gail Gottlieb
Christopher Holland
Attorneys for Memorial Medical Center, Inc.
PO Box 1945
Albuquerque, NM 87103 -1945

Mark S. Pfeuffer
Attorney for Pension Benefit Guaranty Corporation
1200 K Street NW
Washington, DC 20005 -4025

George "Dave" Giddens, Jr.
Attorney for Personal Representatives of Estates
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111 -1229

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

5