# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Memorial Medical Center, Inc. |
| **Case Number:** | 05-14043 |

### Document Information

| | |
|---|---|
| **Description:** | Order Denying [48-1] Motion To Reconsider [35-1] Order granting a Stay Pending Appeal by Memorial Medical Center, Inc. |
| **Received on:** | 2005-12-07 14:35:43.000 |
| **Date Filed:** | 2005-12-07 00:00:00.000 |
| **Date Entered On Docket:** | 2005-12-08 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   Memorial Medical Center, Inc.,                              No. 7-05-14043 ML

   Alleged Debtor.

**ORDER DENYING MMCI'S MOTION FOR RECONSIDERATION**
**OF THE COURT'S ORDER GRANTING A STAY PENDING APPEAL**

THIS MATTER is before the Court on MMCI's Motion for Reconsideration of the Court's Order Granting a Stay Pending Appeal ("Motion for Reconsideration"), filed December 1, 2005, and the brief filed in support thereof. The Motion for Reconsideration requests the Court to reconsider and vacate its Order Granting Petitioning Creditors' Motion for Entry of Order Staying Order of Dismissing Involuntary Petition Pending Appeal ("Order"), entered November 21, 2005, and terminate the stay of the Order pending its appeal. Memorial Medical Center, Inc. ("MMCI") raises insufficient grounds upon which to grant relief from the Order; therefore, the Court will deny the Motion for Reconsideration.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, when a motion that seeks to alter or set aside a judgment or order is filed within ten days of the entry of the judgment or order, the motion will generally be construed under Rule 59(e), Fed.R.Civ.P., *Id. See also, Dalton v. First Interstate Bank of Denver,* 863 F.2d 702-703-04 (10th Cir. 1988) ("This court has consistently held that regardless of how styled, a motion questioning the correctness of a judgement and timely made within ten days thereof will be treated under Rule 59(e)."). Because the Motion for Reconsideration was filed within ten days of the entry of the Order, the Court will construe it under the standards

1

applicable to Rule 59(e), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9023, Fed.R.Bankr.P.

Motions for reconsideration may be granted to "'correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Hodes,* 239 B.R. 239, 242 (Bankr.D.Kan. 1999), *aff'd in part, rev'd in part on other grounds,* 289 B.R. 5 (D.Kan. 2003) (quoting *In re American Freight System, Inc.,* 168 B.R. 245, 246 (D.Kan. 1994)). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *In re Sunflower Racing, Inc.,* 223 B.R. 222, 223 (D.Kan. 1998). Rule 59(e) does not afford parties seeking relief an opportunity to raise new arguments, or to "rehash arguments previously considered and rejected by the court." *Id. See also, Van Skiver,* 952 F.2d at 1243 (noting that the district court "properly recognized that revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'").

The Motion for Reconsideration raises the following arguments: 1) that by imposing a stay pending appeal, the Court has continued the state of limbo that MMCI has been in since the filing of the involuntary bankruptcy petition, hampering MMCI's ability to distribute its remaining assets through the state court receivership litigation initiated prior to the filing of the involuntary petition and causing undue delay; 2) that the state court offers petitioning creditors an adequate forum to resolve their disputes; 3) that petitioning creditors have failed to show the threat of irreparable harm necessary to obtain a stay

2

pending appeal[1]; 4) that the potential for mootness in itself is insufficient to justify a stay pending appeal[2]; and 5) that imposing the stay disturbs the *status quo ante*, which is disfavored under the law governing preliminary injunctions.[3]  All of these arguments were raised at the final hearing on the petitioning creditors' Motion for Stay Pending Appeal and were considered by the Court prior to the entry of its Order.[4]  Such arguments are, therefore, not sufficient grounds upon which to grant a motion to alter or amend an order pursuant to Rule 59(e), Fed.R.Civ.P.  *See Sunflower Racing,* 223 B.R. at 223 ("A party cannot invoke Rule 59(e) to . . . rehash arguments previously considered and rejected

---

[1] The Court notes that its citation to *In re Lang,* 414 F.3d 1191, 1201 (10th Cir. 2005) for the standards relevant to a determination of a motion for stay pending appeal cites to the Appendix of the opinion, which was the determination rendered by the Bankruptcy Appellate Panel for the Tenth Circuit.

[2] The Motion for Reconsideration cites *In re Great Barrington Fair & Amusement, Inc.,* 53 B.R. 237, 240 (Bankr.D.Mass. 1985); *In re Dakota Rail, Inc.,* 111 B.R. 818, 821 (Bankr.D.Minn. 1990); and *In re Baldwin United Corp.,* 45 B.R. 385, 386 (Bankr.S.D. Ohio 1984), which all find that the threat of mootness during appeal is insufficient grounds, by itself, to sustain a request for imposition of a stay pending appeal.  None of these cases are from within the Tenth Circuit. In *In re Sunflower Racing, Inc.,* 225 B.R. 225 (D.Kan. 1998), the court acknowledged that several courts, including those cited by MMCI, have held that the possibility that an appeal may be rendered moot if a stay is not imposed does not by itself constitute irreparable harm, but nevertheless "recognize[ed] that the likelihood that an appeal may be moot in the absence of a stay is an important factor in evaluating the potential harm to the Appellants." *Id.* at 228.  Two cases cited in *Sunflower Racing, In re St. Johnsbury Trucking Co., Inc.,* 185 B.R. 687, 690 (S.D.N.Y. 1995) and *In re Advanced Min. Systems, Inc.,* 173 B.R. 467, 468-69 (S.D.N.Y. 1994), held that the risk that an appeal will be mooted absent a stay demonstrated a threat of irreparable injury.

Even the court in *Dakota Rail* acknowledged that "[i]n most situations, however, the Court will treat these factors [the four factors relevant to the determination of whether to grant a stay pending appeal] as interests to be considered and balanced in deciding whether to grant a stay rather than as absolute prerequisites for a stay." 111 B.R. at 820 (citation omitted).  And the court in *Great Barrington Fair* noted that, although all the factors are prerequisites, "not all of the four conditions need be given equal weight" and that "[t]he conditions 'are not to be applied in a vacuum but instead must be viewed in light of the importance of the right to appeal ...'" *Great Barrington Fair,* 53 B.R. at 239 (quoting *In re Howley,* 38 B.R. 314, 315 (Bankr.D.Minn. 1984)(remaining citation omitted)).

[3] The standards for granting a preliminary injunction are the same standards used to evaluate a motion for stay pending appeal.  *In re Porter,* 54 B.R. 81, 82 (Bankr.N.D.Okla. 1985).

[4] The Order did not specifically address MMCI's argument that a stay pending appeal should not be granted because imposing a stay disturbs the *status quo ante.*  MMCI addressed this argument to the Court at the final hearing, and the fact that the Court nevertheless determined to impose the stay evidences that the Court was not persuaded by this argument.

3

by the court."); *In re American Freight System, Inc.,* 168 B.R. 245, 246 (D.Kan. 1994) (same). *See also, Voelkel v. General Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.1994) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.") (citations omitted).

    WHEREFORE, IT IS HEREBY ORDERED that the Motion for Reconsideration is DENIED.

/s/ Mark B. McFeeley
MARK B. McFEELEY
United States Bankruptcy Court

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Daniel J. Behles
Attorney for Petitioning Creditors
226-A Cynthia Loop NW
Albuquerque, NM 87114

Morton A. Faller
Ross D. Cooper
Attorneys for Petitioning Creditors
11921 Rockville Pike, 3rd Floor
Rockville, MM 20852

Gail Gottlieb
Christopher A. Holland
Attorneys for MMCI
PO Box 1945
Albuquerque, NM 87103

/s/ Patti G. Hennessy
Patti G. Hennessy
Law Clerk
(505) 348-2545

4